Hand-Delivered

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
CHARLOTTE, NC

DEC 1 2 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

DENISE BAUCOM,

    Plaintiff,

v.

NOVANT HEALTH, INC.,

    Defendant.

Civil Action No. 3:22-CV-662-FDW

Jury Trial Demanded

## COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges as follows:

### NATURE OF COMPLAINT

1.    This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by the Americans with Disabilities Act 42 U.S.C. § 12101 *et.seq.*, as amended by The Americans with Disabilities Act Amendments Act of 2008; Title VII of the Civil Rights Act of 1964, 42 USC §2000e; 42 USC § 1981 *et. seq.*; and state law.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff, DENISE BAUCOM, is resident of Charlotte, Mecklenburg County, North Carolina.

3.    Defendant, Novant Health, Inc. (hereinafter "Novant" or "Defendant") is a North Carolina corporation with its principal place of business in North Carolina. Its registered agent is Corporation Service Company, which has a mailing address of 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608.

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendant is subject to the personal jurisdiction of this Court, and because the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6. At all relevant times, Plaintiff, Denise Baucom (hereinafter "Baucom" or "Plaintiff"), was employed as a Registered Nurse in Defendant's inpatient hospice unit at Novant Health Presbyterian Medical Center in Charlotte, North Carolina.

7. Plaintiff is African-American.

8. Plaintiff was qualified for her position as Registered Nurse. She had never been disciplined and had excellent performance evaluations.

9. On March 9, 2020, Plaintiff had surgery on her rotator cuff to address chronic shoulder pain.

10. Despite the surgery, Plaintiff still experienced significant limitations with the use of her right shoulder.

11. Plaintiff remained out of work after her surgery until July 2020.

12. Prior to her return to work, Plaintiff provided her employer with a note from her physician identifying her medical restrictions, which included lifting no more than ten pounds.

13. At that time, Plaintiff expressed concerns to her supervisor, Melissa Crank, Assistant Nurse Manager Jerica Baucom, and Accommodations Coordinator/Director Lisa Conrad about whether or not she would be able to perform some of her required duties on the hospice unit.

2

14. Ms. Crank told Plaintiff to report to her position in the hospice unit as planned, despite her restrictions and concerns.

15. Plaintiff reported to work a week later as directed, and she was still required to physically move patients.

16. Not only was Plaintiff physically incapable of moving her patients, this activity was also in direct contradiction with her physician's written restrictions that she had provided to Defendant.

17. Plaintiff asked to be reassigned to a different unit that could accommodate her restrictions, but this request was denied as unnecessary on or about August 14, 2020.

18. Because of the Defendant's failure to accommodate her, Plaintiff was forced to use leave because she was unable to complete the lifting requirements of her position.

19. While out on leave, Defendant notified Plaintiff on or about February 8, 2021 that her employment had been terminated.

20. On or about November 25, 2020, Plaintiff timely filed a charge of discrimination due to disability against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (See Exhibit A, attached hereto and incorporated herein by reference.)

21. On or about March 2, 2021 and again on October 4, 2021, Plaintiff filed amendments to her EEOC charge to include her termination by Defendant. (See Exhibits B and C, attached hereto and incorporated herein by reference.)

22. In January 2022, Plaintiff filed an additional amendment of her EEOC charge because she found out that a white nurse in the same unit as Plaintiff (Stephanie Clark) also had a lifting restriction and was allowed a transfer to a different position in December 2021.

23. Upon information and belief, the decision makers in Ms. Clark's case were the same as the ones who refused Plaintiff's accommodation request.(See Exhibit D, attached hereto and incorporated herein by reference.)

24. On or about May 24, 2022, the EEOC issued a Determination finding that there was reason to believe that Defendant had unlawfully failed to accommodate Plaintiff. (See Exhibit E, attached hereto and incorporated herein by reference.)

25. This Determination recommended that the parties attempt to reach a just resolution through conciliation.

26. However, despite the EEOC's findings that there was "reasonable cause to believe that violations of the statute(s) occurred," they were unable to obtain a settlement with Defendant that would have provided relief to Plaintiff and therefore issued a Conciliation Failure and Notice of Rights dated September 14, 2022. (See Exhibit E attached hereto and incorporated herein by reference.)

27. This action is filed within ninety (90) days of the date of the Notice of Right to Sue from the EEOC.

## FIRST CLAIM FOR RELIEF
### (Violation of ADA on the basis of Discrimination)

28. Plaintiff incorporates by reference the allegations of paragraph 1 through 27 of the Complaint.

29. Plaintiff had a disability as defined by the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008 ("ADA") at the time she was not accommodated and terminated from employment by Defendant.

30. Defendant was aware of Plaintiff's disability and refused to provide her with an accommodation.

31. Further, Defendant terminated Plaintiff's employment during her disability leave that she was forced to take because of their refusal to accommodate her.

32. At all times relevant to this complaint, Plaintiff was a member of a protected class.

33. Defendant's refusal to accommodate and termination of Plaintiff and/or its disparate treatment of her due to her disability, even though she was otherwise qualified for her position, violates the ADA.

34. Defendant's discriminatory conduct caused and continues to cause Plaintiff to suffer monetary loss and emotional distress.

35. Whatever reason Defendant claims as reason for termination is pretext.

36. Therefore, Plaintiff now sues Defendant for violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008.

### SECOND CLAIM FOR RELIEF
**(Violation of ADA for Failure to Provide a Reasonable Accommodation)**

37. Plaintiff incorporates by reference the allegations of paragraph 1 through 36 of this Complaint.

38. Plaintiff was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA with a disability, which substantially limits a major life activity.

39. Defendant was aware of Plaintiff's disability and her need for a reasonable accommodation.

40. Defendant intentionally violated the ADA by refusing to provide a reasonable accommodation of her disability.

41. Defendant's discriminatory conduct caused and continues to cause Plaintiff to suffer monetary loss and emotional distress.

## THIRD CLAIM FOR RELIEF
### (Race Discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*)

42. Plaintiff incorporates by reference the allegations of paragraph 1 through 41 of the Complaint.

43. Defendant's failure to accommodate and termination of Plaintiff was motivated by her race (African-American).

44. Defendant's failure to accommodate and termination of Plaintiff due to her race violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 42 § 2000e et. seq. ("Title VII").

45. Defendant's violation of Title VII caused Plaintiff injuries including, but not limited to, losses in wages, salary and benefits and emotional distress.

46. Defendant's action in terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

47. Therefore, Plaintiff sues Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## FOURTH CLAIM FOR RELIEF
### (Race Discrimination under 42 U.S.C. § 1981)

48. Plaintiff incorporates by reference the allegations of paragraph 1 through 47 of this Complaint.

49. Defendant's failure to accommodate and termination of Plaintiff was motivated by her race (African-American).

50. Defendant's failure to accommodate and termination of Plaintiff due to her race violated 42 U.S.C. 42 § 1981.

51. Defendant's failure to accommodate and termination of Plaintiff in violation of 42 U.S.C. 42 § 1981 caused Plaintiff injuries including, but not limited to, losses in wages, salary and benefits and emotional distress.

52. Defendant's action in failing to accommodate and terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

53. Therefore, Plaintiff sues Defendant for violation of 42 U.S.C. § 1981.

## FIFTH CLAIM FOR RELIEF
### (Race Discrimination – State Law Wrongful Discharge)

54. Plaintiff incorporates by reference the allegations of paragraph 1 through 53 of the Complaint.

55. Defendant's failure to accommodate and termination of Plaintiff was motivated by her race (African-American).

56. Defendant's failure to accommodate and termination of Plaintiff due to her race violated the North Carolina Equal Employment Practices Act (NCEEPA).

57. The NCEEPA is a clear statement of North Carolina public policy.

58. Defendant's failure to accommodate and termination of Plaintiff in violation of North Carolina Public Policy caused Plaintiff injuries including, but not limited to, losses in wages, salary, benefits, and emotional distress.

59. Defendant's action in failing to accommodate and terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

60. Therefore, Plaintiff sues Defendant for wrongful discharge in violation of North Carolina public policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

C. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages.

D. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs.

E. This matter be tried by a jury.

F. The judgment bear interest at the legal rate from the date of filing this action until paid.

G. Defendant be taxed with the costs of this action; and

H. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 12th day of December, 2022.

*Denise Baucom*
Denise Baucom
Pro Se
8641 Conklin Place

Charlotte, NC 28212
Phone: 704-668-4311
Email: denise.baucom@gmail.com