UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00662-FDW-SCR

| | |
|---|---|
| DENISE BAUCOM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NOVANT HEALTH, INC. )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant Novant Health, Inc.'s ("Novant Health") Partial Motion to Dismiss Plaintiff's Complaint, (Doc. No. 8), filed on January 5, 2023. The motion has been fully briefed and is ripe for review. Having reviewed and considered the written arguments and applicable authority, and for the reasons stated below, Defendant's Partial Motion to Dismiss is **GRANTED**, and Plaintiff's Third and Fourth Claims for Relief are **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Defendant seeks the dismissal of two of Plaintiff's claims, arguing Plaintiff failed to exhaust her administrative remedies in a timely manner, and Plaintiff failed to state a claim upon which relief can be granted.

Plaintiff worked as a registered nurse in the hospice unit for Defendant at Novant Health Presbyterian Medical Center in Charlotte, North Carolina. (Doc. No. 18, p. 1). On March 9, 2020, Plaintiff had surgery on her rotator cuff and remained out of work until July 2020. (Id. at 1). When she returned to work for Defendant, Plaintiff requested reassignment to a different unit

1

to accommodate Plaintiff's lifting restrictions following surgery. (Id. at 1–2). Defendant denied Plaintiff's request for reassignment in August 2020, and Plaintiff subsequently took medical leave. (Id. at 2). Defendant terminated Plaintiff's employment on February 8, 2021, for failure to return to work. (Id.).

On November 25, 2020, Plaintiff timely filed a charge for disability discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 1–1). Plaintiff filed a first amendment to the Charge on March 2, 2021, to include the termination of her employment by Defendant, and a second amendment on October 4, 2021, to add an additional claim for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"). (Doc. No. 1–1, p. 3–4). Plaintiff claims she filed a third amendment ("Third Amendment") to her Charge on January 27, 2022, alleging racial discrimination by Defendant for the first time. (Doc. No. 1–1, p. 5). The EEOC concluded its investigation and issued a determination recommending conciliation on May 24, 2022. (Doc. No. 1, p. 4). When conciliation failed, the EEOC issued a Conciliation Failure and Notice of Rights on September 14, 2022. (Doc. No. 1–1, p. 6).

Plaintiff filed this case in the United States District Court for the Western District of North Carolina on December 12, 2022, asserting claims against Defendant for: discrimination under the ADA; failure to accommodate under the ADA; race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.* ("Title VII"); race discrimination under 42 U.S.C. § 1981 ("§ 1981"); and wrongful discharge due to race discrimination under the North Carolina Equal Employment Practices Act, N.C. GEN. STAT. § 143–422. (Doc. No. 1; Doc. No. 4). On January 5, 2023, Defendant subsequently moved to Dismiss Plaintiff's Title VII and §

1981 claims for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. Nos. 8, 9). Plaintiff filed her Response and Memorandum in Opposition on February 3, 2023, (Docs. Nos. 17, 18), and Defendant filed its Reply on February 10, 2023, (Doc. No. 19).

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) inquiry is limited to determining if the pleader's allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a 12(b)(6) motion to dismiss, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists only when the factual content allows a court to draw the "reasonable inference" that the defendant is liable for the misconduct. Iqbal 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the party asserting the claim. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014).

In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pled factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Therefore, Plaintiff's complaint must contain "sufficient factual claims," supported by more than "mere conclusory statements," regarding her Title VII and § 1981 claims. Id. at 678. After drawing all reasonable factual inferences in Plaintiff's favor, the Court concludes Plaintiff has failed to state claims under Title VII and § 1981.

### III. ANALYSIS

Plaintiff, in her *pro se* Amended Complaint, asserts five claims for relief: (1) discrimination under the ADA; (2) failure to provide reasonable accommodations under the ADA; (3) race discrimination under Title VII; (4) race discrimination under 42 U.S.C. § 1981; and (5) wrongful discharge and racial discrimination under North Carolina law. (Doc. No. 4). Defendant moves for dismissal with prejudice of Plaintiff's Third and Fourth Claims for Relief, arguing Plaintiff failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons outlined below, the Court finds dismissal of Plaintiff's Title VII claim is appropriate because Plaintiff failed to exhaust her administrative remedies for her racial discrimination claim, therefore barring any claim under Title VII. Further, dismissal of Plaintiff's § 1981 claim is also appropriate because Plaintiff failed to assert a non-conclusory, factual claim upon which relief can be granted. The Court addresses each claim in turn.

#### A. Title VII

Plaintiff's Title VII Charge first alleges disability discrimination by Defendant, then further alleges racial discrimination under the alleged Third Amendment. (Doc. No. 1-1, p. 2, 5). Plaintiff's Third Claim for Relief alleges Defendant's failure to accommodate Plaintiff's disability, and her subsequent termination, were motivated by her race, in violation of Title VII.

4

(Doc. No. 4, p. 6). Defendant argues Plaintiff's Title VII claim should be dismissed because Plaintiff failed to exhaust her administrative remedies prior to filing this suit, asserting the Third Amendment is untimely and its racial discrimination claims do not relate back to the initial Charge of disability discrimination.

The Fourth Circuit in Chacko v. Patuxent Inst., 429 F.3d 505 (4th Cir. 2005) described two primary goals Congress intended to achieve by requiring the exhaustion of administrative remedies. Chacko, 429 F.3d at 510. The Fourth Circuit stated:

> Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir. 1999). This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. See 42 U.S.C. § 2000e–5(b). It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved . . ."

Chacko, 429 F.3d at 510.

Accordingly, before a plaintiff has standing to file suit under Title VII, she must exhaust her administrative remedies by filing a charge with the EEOC. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. Id. "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981). "Even after a plaintiff has exhausted his administrative remedies, the administrative framework plays a substantial role in focusing the formal litigation it precedes." Chacko, 429 F.3d at 509.

5

While Plaintiff's initial Charge, first amendment, and second amendment, adequately exhausted her administrative remedies for Plaintiff's disability discrimination claims, Defendant argues Plaintiff did not exhaust her administrative remedies related to her racial discrimination claims in the Third Amendment. Defendant argues it never received notice of the Third Amendment or its racial allegations, and the EEOC never considered Plaintiff's Third Amendment or its racial allegations in its determination, thereby "confin[ing] . . . the scope of the administrative investigation that can reasonably be expected to follow" from Plaintiff's Charge strictly to disability discrimination. Chisholm, 665 F.2d at 491.

Without any consideration of Plaintiff's Third Amendment by the EEOC, Defendant claims Plaintiff failed to exhaust her administrative remedies for her racial discrimination claims. Thus, Defendant argues: 1) Plaintiff's Third Amendment fails to relate back to her initial Charge of disability discrimination with the EEOC, and 2) even if Plaintiff's Third Amendment related back to her initial Charge with the EEOC, it would be time barred because Plaintiff failed to timely file the Third Amendment within 180 days. The Court addresses each argument in turn.

      i. Relating Back to Initial Charge

Plaintiff argues her additional race discrimination claims in the Third Amendment relate back to her initial Charge because it does not allege new claims under a different statutory scheme outside of Title VII. (Doc. No. 18, p. 6). Conversely, Defendant contends the racial discrimination claims do not relate back to Plaintiff's initial claims of disability discrimination. The Court agrees.

If "the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally

6

barred." Chacko, 429 F.3d at 509 (citing Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995)). Consequently, "[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." Id. at 509 (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996)). However, lawyers do not typically complete the administrative charges, and so courts "construe them liberally." Alvarado v. Bd. Trs. Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988).

"Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." Chacko, 429 F.3d at 509. For example, a plaintiff's claim "generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex." See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132–33 (4th Cir. 2002) (holding an employee failed to exhaust administrative remedies with respect to his Title VII claim for sex discrimination because employee's second charge, upon which the action was based, did not charge sex discrimination); Sloop, 198 F.3d at 149 (4th Cir. 1999) (holding a Title VII retaliation claim was barred when the administrative charges alleged only age discrimination). A claim will also typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits. See Evans, 80 F.3d at 963–64; Lawson v. Burlington Indus., Inc., 683 F.2d 862, 863–64 (4th Cir. 1982) (finding the claim of discriminatory failure to rehire was barred because the charge only alleged illegal layoff).

However, amendments to an EEOC charge for discrimination are permitted. See 29 C.F.R. 1601.12(b). The Code of Federal Regulations provides:

7

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

Id.

Here, the Court finds that Plaintiff's allegations of racial discrimination in the Third Amendment do not relate back to Plaintiff's initial Charge alleging disability discrimination. Plaintiff filed first and second amendments to her Charge with the EEOC on March 2, 2021, and on October 4, 2021, to include facts about the termination of her employment and an additional claim for discrimination under the ADA. (Doc. No. 1–1, p. 3–4). As discussed above, Plaintiff attempted to file the Third Amendment alleging racial discrimination on January 27, 2022. (Doc. No. 1–1, p. 5). However, the EEOC's determination of Plaintiff's Charge contained no reference to racial discrimination and limited its analysis strictly to disability-based discrimination. (Doc. No. 9–1).

Plaintiff's first and second amendments to her Charge with the EEOC properly "related to or gr[ew] out" of the initial Charge of disability discrimination against Defendant. 29 C.F.R. 1601.12(b). However, the Third Amendment alleging racial discrimination did not "relate to or gr[ow] out" of Plaintiff's initial charge. Id. Like the plaintiffs in Bryant and Sloop, Plaintiff's Charge alleges discrimination on one basis—disability—but Plaintiff attempts to "introduce another basis in litigation" by alleging racial discrimination in the Third Amendment. Bryant, 288 F.3d at 132–33; Sloop, 198 F.3d at 149. Therefore, Plaintiff's "factual allegations made in formal litigation" do not correspond to those set forth in her Charge. Chacko, 429 F.3d at 509. Since the EEOC decision did not consider racial discrimination in its determination, the Court

8

will not consider racial discrimination in this litigation. Further, because Plaintiff's racial discrimination claims do not relate back to her Charge with the EEOC, Plaintiff has failed to exhaust her administrative remedies for her racial discrimination claims. Therefore, Defendant's motion to dismiss Plaintiff's Title VII claim is **GRANTED**.

ii. Timeliness

Having determined that dismissal is appropriate for the reasons outlined above, the Court declines to reach Defendant's argument that Plaintiff failed to exhaust her administrative remedies for her Title VII race discrimination claim due to the Third Amendment's untimely filing. However, the Court notes that based on the record, Plaintiff failed to provide sufficient evidence showing that she timely filed the Third Amendment with the EEOC, or that the EEOC otherwise recognized the issue of race discrimination in its determination. Even taking Plaintiff's assertions as true that she filed the Third Amendment on January 27, 2022, this would time-bar the Third Amendment, since the filing would have been 353 days after Plaintiff's last day of employment with Defendant on February 8, 2021.[1]

---

[1] A Title VII plaintiff must file a charge of discrimination with the EEOC within 180 days after the occurrence of each alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); see also Nat'l R.R. Passenger Corp., 536 U.S. at 102. Further, failure to file a timely charge with the EEOC bars a plaintiff's claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994); Rojea v. Cregger, No. 3:19-CV-619-RJC-DCK, 2021 WL 1233461, at *3 (W.D.N.C. Apr. 1, 2021), aff'd, 858 F. App'x 655 (4th Cir. 2021). The Fourth Circuit has recognized that an amendment to a charge of discrimination alleging a new theory of recovery, i.e., a charge that initially asserts sex discrimination and is amended to allege age discrimination, generally will not relate back to the original charge filing date. McCray v. Md. Dep't of Transp., 662 F. App'x 221, 225 (4th Cir. 2016) (affirming dismissal of a plaintiff's Title VII claims because the amended charge of discrimination, filed with the EEOC, alleging race and gender discrimination did not relate back to employee's initial timely-filed EEOC charge for age discrimination, and thus employee's Title VII claims were time-barred).

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's Partial Motion to Dismiss Plaintiff's Third Claim for Relief for race discrimination in violation of Title VII.[2]

### B. 42 U.S.C. § 1981

Plaintiff's Fourth Claim for Relief alleges that "Defendant's failure to accommodate and termination of Plaintiff was motivated by her race (African-American)," in violation of 42 U.S.C. § 1981. (Doc. No. 4, p. 6). Defendant argues Plaintiff's § 1981 claim should be dismissed because Plaintiff failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant contends that because Plaintiff failed to plead that she would have been accommodated, and would not have been terminated, but-for her race, Plaintiff failed to satisfy the standard for overcoming a motion to dismiss. The Court agrees.

Congress passed § 1981 to "guarantee[ ] to all persons in the United States 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" Nadendla v. WakeMed, 24 F.4th 299, 305 (4th Cir. 2022) (quoting Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1017 (4th Cir. 1999) (quoting 42 U.S.C. § 1981(a))). Section 1981 defines "make and enforce contracts" as including the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." Nadendla, 24 F.4th at 305 (quoting § 1981(b)). To succeed on a § 1981 claim, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of

---

[2] The Fourth Circuit has also affirmed motions to dismiss when a Title VII claim is time-barred on its face. See Agolli v. Office Depot, Inc., 548 F. App'x. 871 (4th Cir. 2014).

race, and that the discrimination interfered with a contractual interest." Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006).

"When addressing race-discrimination claims under § 1981, courts apply the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Giles v. Nat'l R.R. Passenger Corp., 59 F.4th 696, 703–04 (4th Cir. 2023). First, the plaintiff must establish a prima facie case for race discrimination by showing "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Giles, 59 F.4th at 703–04 (citing Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citation omitted), aff'd 566 U.S. 30 (2012).

A plaintiff must also show that the interference with a contractual interest would not have happened "but-for" the plaintiff's race. Comcast Corp. v. Nat'l Ass'n African Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020). The Supreme Court in Comcast set out the standard for a plaintiff pleading a claim under § 1981. Id. The Court stated: "All the traditional tools of statutory interpretation persuade us that § 1981 follows the usual rules, not any exception. To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." Id. In Comcast, the Court remanded to allow the Ninth Circuit to consider "whether [plaintiff's] operative amended complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' under the but-for causation standard." Id. (quoting Iqbal, 556 U.S. at 678–79). Thus, to survive a motion to dismiss, "a plaintiff must allege facts that, if accepted as true, allow the court to draw a reasonable inference as to those legal requirements." Nadendla, 24 F.4th at 305.

11

Defendant calls attention to Plaintiff's failure to plead that but-for her race, Defendant would have accommodated Plaintiff's disability and Defendant would not have terminated her employment. Plaintiff's § 1981 claim for relief in her amended complaint states:

> 48. Plaintiff incorporates by reference the allegations of paragraph 1 through 47 of this Complaint.
>
> 49. Defendant's failure to accommodate and termination of Plaintiff was motivated by her race (African-American).
>
> 50. Defendant's failure to accommodate and termination of Plaintiff due to her race violated [42 U.S.C. § 1981].
>
> 51. Defendant's failure to accommodate and termination of Plaintiff in violation of [42 U.S.C. § 1981] caused Plaintiff injuries including, but not limited to, losses in wages, salary and benefits and emotional distress.
>
> 52. Defendant's action in failing to accommodate and terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.
>
> 53. Therefore, Plaintiff sues Defendant for violation of 42 U.S.C. § 1981.

(Doc. No. 4, p. 6–7).

Plaintiff's allegations of race discrimination incorporated in her complaint stem from the untimely Third Amendment to her Charge with the EEOC. (Doc. No. 1–1, p. 5). Plaintiff alleges racial discrimination because she discovered a Caucasian nurse in Plaintiff's former unit at Novant Health received an accommodation for a lifting restriction sometime in December 2021. Id. Plaintiff also alleges the decision makers for the Caucasian nurse's accommodation were the same decision makers who refused Plaintiff's accommodation. Id.

However, Plaintiff failed to allege but-for her race, Defendant would have accommodated Plaintiff's disability and Defendant would not have terminated her employment. Even accepting Plaintiff's allegation that a Caucasian nurse received accommodations, nowhere does Plaintiff

12

allege the nurse was "similarly situated" to Plaintiff beyond working in the same unit with the same supervisors. Giles, 59 F.4th at 703–04. Plaintiff does not plead facts suggesting similarities between her and the Caucasian nurse's disability, lifting restrictions, job requirements, or other similarities Defendant considered when granting the request for the Caucasian nurse, who is "outside of the protected class." Id. Instead, the evidence merely shows that the Caucasian nurse's accommodation occurred approximately ten months after Defendant terminated Plaintiff's employment for failure to return to work, and nearly a year-and-a-half after Defendant denied Plaintiff's disability accommodation request.

Therefore, Plaintiff failed to state a claim upon which relief can be granted because her amended complaint does not "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' by failing to plead 'but for' causation under her § 1981 claim . . ." Comcast, 140 S. Ct. at 1019 (quoting Iqbal, 556 U.S. at 678–79). Therefore, this Court cannot "draw a reasonable inference as to those legal requirements [for § 1981 claims]" and as such, Plaintiff's claim does not survive Defendant's motion to dismiss. Nadendla, 24 F.4th at 305.

Since Plaintiff's § 1981 claim does not allege but-for causation between Plaintiff's race and Defendant's decision not to accommodate her disability, or Defendant's decision to terminate Plaintiff's employment, Plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Therefore, the Court **GRANTS** Defendant's Partial Motion to Dismiss Plaintiff's Fourth Claim for Relief for race discrimination under 42 U.S.C. § 1981.

### IV. CONCLUSION

13

Because the Third Amendment to Plaintiff's Charge with the EEOC fails to relate back to Plaintiff's initial allegations of disability discrimination, Plaintiff failed to state a Title VII claim upon which relief can be granted. Additionally, because Plaintiff failed to allege but-for causation under her § 1981 claim, Plaintiff failed to state a § 1981 claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's Complaint, (Doc. No. 8), is **GRANTED.** Accordingly, Plaintiff's Third and Fourth Claims for Relief, (Doc. No. 4, p. 6–7), are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

_____
Frank D. Whitney
United States District Judge

Signed: June 5, 2023